UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODERICK CLARK,

    Plaintiff,

v.                                         Case No.  3:16cv243/MCR/CJK

OFFICER COLE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roderick Clark, DC #259009, is a Florida inmate presently confined at Santa Rosa Correctional Institution.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

When asked on the complaint form whether he has ever had any action in federal court dismissed as frivolous, malicious, or for failing to state a claim, plaintiff answers, "I don't know."  (Doc. 1, p. 4).  The court takes judicial notice of court records confirming that plaintiff is subject to the three-strikes bar.  *See Clark v. Rice*, Case No. 8:99-cv-01771-SDM, Doc. 4 (M.D. Fla. Aug. 20, 1999) (dismissing, under

§ 1915(g)'s three-strikes bar, prisoner civil rights case filed by plaintiff while confined at the Pinellas County Jail; identifying the following Middle District cases as the qualifying cases: *Clark v. Sandage*, Case No. 8:97-2332-HLA; *Clark v. Blom*, Case No. 8:97-2333–SDM; and *Clark v. Montgomery*, Case No. 8:97-2651-RAL).[1] The three qualifying cases identified by the Middle District (Case Nos. 8:97cv2332, 8:97cv2333, and 8:97cv2651), may be positively identified as having been filed by plaintiff because they bear his name and DC# 259009.

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff alleges that five months ago, on January 12, 2016, defendant Cole denied plaintiff access to the psychiatrist because plaintiff refused to take his jacket off and leave it in his cell. (Doc. 1, p. 5). Plaintiff states that this violated the Eighth Amendment and caused him pain, suffering, mental distress and emotional distress. (Doc. 1, p. 7). As relief, plaintiff seeks $50,000.00 in compensatory damages and $150,000.00 in punitive damages. (Doc. 1, p. 8).

---

[1] Plaintiff disclosed these cases on the complaint form filed in Case No. 8:99-cv-01771-SDM, and acknowledged that Case Nos. 8:97cv2332 and 8:97cv2333 were dismissed as frivolous, and that Case No. 8:97cv2651 was dismissed as malicious. Plaintiff also identified a fourth qualifying case: Middle District Case No. 8:97cv2672, which was dismissed as malicious. (*See* Case No. 8:99-cv-01771-SDM, Doc. 1, p. 6).

*Case No. 3:16cv243/MCR/CJK*

Plaintiff's allegations do not qualify him for § 1915(g)'s imminent danger exception. Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this action, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 15th day of June, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.